AMENDED DLD-219

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2372
_____

IN RE: GILBERT M. MARTINEZ,
Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to E.D. Pa. Civ. No. 2:22-cv-01016)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
August 11, 2022
Before: KRAUSE, MATEY, and PHIPPS, <u>Circuit</u> <u>Judges</u>

(Opinion filed: September 13, 2022)
_____

OPINION[*]
_____

PER CURIAM

Gilbert Martinez, proceeding pro se, petitions for a writ of mandamus compelling

the United States District Court for the Eastern District of Pennsylvania to vacate orders

entered in his action concerning the denial of his application for supplemental security

income. Martinez also seeks, among other things, the recusal of the District Judge. For

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

the reasons that follow, we will deny the mandamus petition. We also deny Martinez's motion and amended motion to stay the District Court proceedings.

In March 2022, Martinez filed a complaint seeking review of an Administrative Law Judge's denial of his application for supplemental security income. The District Court granted the Acting Commissioner of Social Security's motion for an enlargement of time to file the certified administrative record and respond to the complaint. Thereafter, the Acting Commissioner moved to dismiss the complaint for lack of jurisdiction because Martinez had not exhausted his administrative remedies. In an order entered July 14, 2022, the District Court granted the motion and dismissed Martinez's complaint. Martinez filed a notice of appeal on August 1, 2022.

Shortly before filing his notice of appeal, Martinez filed a mandamus petition in this Court asserting that the District Court violated his rights to due process and equal protection of the law by granting the enlargement of time and dismissing his complaint. He also asserts that District Judge Paul Diamond should have recused himself pursuant to 28 U.S.C. § 144 due to alleged bias. Martinez asks us to order the District Court to vacate its orders and direct the entry of a default judgment, issue declaratory judgments regarding the District Court's jurisdiction, its violations of his rights, and benefits due to him, and order that Judge Diamond recuse himself.

A writ of mandamus is a drastic remedy available only in extraordinary circumstances. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). A petitioner seeking the writ "must have no other adequate means to obtain the desired relief, and must show that the right to issuance is clear and indisputable."

2

Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996). Mandamus is not a substitute for an appeal; if a petitioner can obtain relief through an appeal, mandamus will not lie. In re Kensington Int'l Ltd., 353 F.3d 211, 219 (3d Cir. 2003).

To the extent Martinez seeks a writ to compel the District Court to vacate its orders and to obtain declaratory judgments related to issues in his action, he can challenge the District Court's rulings through his appeal. Martinez has other adequate means to obtain relief. Insofar as Martinez seeks an order requiring Judge Diamond's recusal, mandamus is not available to review a District Judge's refusal to recuse pursuant to 28 U.S.C. § 144. In re Sch. Asbestos Litig., 977 F.2d 764, 774 (3d Cir. 1992).[1]

Accordingly, we will deny the petition for a writ of mandamus. Martinez's motion and amended motion to stay his District Court proceedings pending a ruling on his mandamus petition are denied as moot. Martinez has also filed a letter motion requesting the Clerk to enter a certificate of default judgment, and a motion for a default judgment, pursuant to Federal Rule of Civil Procedure 55. Because Rule 55 is inapplicable, these motions are denied. We note that we may deny a mandamus petition without an answer from the Respondents. See Fed. R. App. P. 21(b)(1).

---

[1] Martinez states that Judge Diamond denied his motion for recusal, but that the motion and order were not docketed. The docket reflects that Martinez filed an affidavit pursuant to § 144 alleging bias. In any event, Martinez does not contend that recusal was warranted under 28 U.S.C. § 455, a ruling that would be subject to our review. Id. at 775. And even if Judge Diamond refused to recuse under § 455, mandamus relief would not be due. Martinez's allegations of bias are based on Judge Diamond's adverse rulings in another case, which are not an adequate basis for recusal. See Liteky v. United States, 510 U.S. 540, 551 (1994); Securacomm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d Cir. 2000).